UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 23-61180-CIV-SMITH

THE GUARDIANSHIP OF
HENRI R. BLAIN,

    Plaintiff,
vs.

M/V MO CASH, a 32.6' Hatterras vessel,
HULL ID NO: HATCF347K586, its engines, tackle,
Boats, gear, tools, appurtenances etc., *in rem*,

    Defendant.
_____/

**OMINBUS ORDER DISMISSING COMPLAINT AND
DENYING MOTIONS FOR ISSUANCE OF WARRANT IN REM, MOTION TO
APPOINT STARBOARD YACHT GROUP LLC AS CUSTODIAN AND
EMERGENCY MOTION FOR ISSUANCE OF ARREST IN REM**

    This matter is before the Court on Plaintiff's Motion for Issuance of Warrant *in Rem* [DE 3], Motion to Appoint Starboard Yacht Group LLC as Custodian [4] and Emergency Motion for Issuance of Arrest *in Rem* [DE 5]. Because Plaintiff's Complaint is insufficient to state a claim for breach of a maritime contract or to state a claim to foreclose on a maritime lien, the Motions are denied.

    In the Verified Complaint [DE 1] Plaintiff, The Guardianship of Henri R. Blain seeks to foreclose on a maritime lien for necessaries to Defendant, M/V MO CASH, a 32.6' Hatterras vessel, HULL ID NO: HATCF347K586, its engines, tackle, Boats, gear, tools, appurtenances etc. ("the vessel"), and breach of a maritime contract attached to the Complaint as Exhibit A. The contract, titled "Boat Dockage Lease Agreement" is purportedly between Henri R. Blain and Moe Rashed, the vessel's owner, who is listed as the Lessee (See Exhibit A [DE 1-1].). The contract is for a one-year term commencing on December 25, 2020 and expiring on December 25, 2021. (*Id.*)

The contract attached to the Complaint is neither executed by Henri R Blain or Mo Rashed, the parties to the contract, nor anyone acting on their behalf.

Under the terms of the contract, the Lessee agrees to pay rent in the amount of $250.00 monthly in exchange for dockage space. Lessee is responsible for maintaining the dockage space in good operating condition and repair and is also responsible for protecting the dockage space from wear and tear and deterioration. Plaintiff alleges that Plaintiff performed services and provided necessaries to the vessel on navigable waters of Florida. (Compl. ¶¶ 14-15.) Plaintiff further alleges that the vessel and its owner refuse to pay outstanding invoices which amounted to a breach of the contract. (*Id.* ¶¶ 16-17.) Plaintiff alleges that Plaintiff is entitled to arrest the vessel to recover for damages.

The Complaint is verified by Cindy Kramer, the plenary guardian of the person and property of Henri R. Blain. Plaintiff does not provide the Court with the instrument appointing Cindy Kramer as the plenary guardian of Henri R. Blain. Neither does Plaintiff provide the Court with a contract, executed by the guardian for Henri R. Blain or the vessel's owner which demonstrates that Plaintiff has an effective maritime lien against the vessel. Additionally, Plaintiff does not provide any copies of the outstanding invoices which are owed by and demanded from the vessel or its owner. For these reasons, Plaintiff's Complaint is insufficient and does not provide the basis upon which this Court may issue a warrant of arrest *in rem* or appoint a substitute custodian.

Accordingly, it is

ORDERED that

1. Plaintiff's Complaint [DE 1] is **DISMISSED**.

2. Plaintiff's Motion for Issuance of Warrant *in Rem* [DE 3], Motion to Appoint Starboard Yacht Group LLC as Custodian [4] and Emergency Motion for Issuance of Arrest *in Rem* [DE 5] are **DENIED**.

3. Plaintiff may file an Amended Complaint by **November 21, 2023**. Plaintiff **must** provide a copy of the executed Boat Dockage Lease Agreement, the invoices, or any other document executed by Mo Rashed and **must file under seal** a copy of the instrument appointing Cindy Kramer as plenary guardian of Henri R. Blain. Failure to timely file an Amended Complaint <u>will result in dismissal without further notice</u>.

DONE AND ORDERED at Fort Lauderdale, Florida, this 17th day of November 2023.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copy furnished to: Counsel of record